**2010 OK 60**

**Kim HOLLAND, Insurance Commissioner, Petitioner,**

v.

**STATE of Oklahoma, ex rel., OKLAHOMA HEALTH CARE AUTHORITY; State of Oklahoma ex rel., State Treasurer; and State of Oklahoma, ex rel., Office of State Finance, Respondents.**

**No. 108,519.**

Supreme Court of Oklahoma.

Aug. 24, 2010.

**ORDER**

¶ 1 Petitioner's application to assume original jurisdiction is granted. H.B. 2437 was enacted in violation of Okla. Const., Art. 5, Section 33, B. and D., and is not to be enforced.

¶ 2 CONCUR: EDMONDSON, C.J., TAYLOR, V.C.J., KAUGER, WATT, WINCHESTER, and COLBERT, JJ.

¶ 3 CONCUR IN PART; DISSENT IN PART: REIF, J. (by separate writing).

¶ 4 DISSENT: OPALA, J., with whom HARGRAVE, J., joins. (by separate writing).

REIF, J., concurring in part; dissenting in part.

¶ 1 I concur to assume original jurisdiction, but dissent from holding H.B. 2437 unconstitutional. In my opinion, H.B. 2437 is a constitutionally permissible fee related to the provision and regulation of health insurance in the State of Oklahoma.

OPALA, J., with whom HARGRAVE, J., joins, dissenting.

I cannot join today's rush to judgment. I would *not* assume original jurisdiction but relegate the petitioner to her district court remedy.

**Facial earmarks** do not show conclusively that the levy imposed by the enactment sought to be condemned **was in fact a true**

tax. More is needed. A district court test of the challenged statute's constitutional validity would not be confined to its facial appearance. It might readily disclose from nonfacial proof the attacked enactment's status as a pure revenue measure subject to judicial condemnation.

Were I writing today for the court, I would decline to assume original jurisdiction *without prejudice to a district court contest.*